UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LaMONICA R. LEWIS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) No. 4:10-CV-1308 (CEJ) |
| CYNDI PRUDDEN, | ) ) ) |
| Respondent. | ) ) |

### MEMORANDUM

This matter is before the Court on the petition of LaMonica R. Lewis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

### I.     Procedural History

Petitioner LaMonica R. Lewis is currently incarcerated in the Women's Eastern Reception Diagnostic Correctional Center in Vandalia, Missouri, pursuant to the judgment of the Circuit Court of the City of St. Louis. On May 14, 2008, petitioner pled guilty to second-degree murder and armed criminal action. Resp. Ex. A at 15-20. On the same date, petitioner was sentenced to concurrent terms of twenty-three years imprisonment on the murder conviction and fifteen years imprisonment on the armed criminal action conviction. Resp. Ex. A at 21-24.

On June 26, 2008, petitioner filed a motion for post-conviction relief under Missouri Rule 24.035. Resp. Ex. A at 28-33. An amended motion was filed by appointed counsel on March 18, 2009. Resp. Ex. A at 38-48. The trial court denied petitioner's Rule 24.035 motion without a hearing. Resp. Ex. A at 50-54. On June 8, 2010, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief in a per curiam opinion. Lewis v. State, 312 S.W.3d 486 (Mo. App. E.D. 2010)

(Resp. Ex. D). The appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Id.

In the instant § 2254 petition, petitioner asserts four grounds for relief: (1) trial counsel was ineffective for failing to advise her of the availability of the defense of self-defense or "the defense of manslaughter;" (2) petitioner was justified in using deadly force; (3) petitioner was under the influence of drugs which impaired her judgment; and (4) trial counsel was ineffective for advising petitioner of what she thought was best for the case.

## II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's

decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

### III.  Discussion

#### Ground 1

Petitioner first argues that trial counsel was ineffective for failing to "discuss with [her] the defense of self defense or the defense of manslaughter." Because petitioner did not raise the manslaughter defense argument in her post-conviction relief motion, this Court will only address the self-defense issue. See Murphy v. King, 652 F.3d 845, 848-50 (8th Cir. 2011) (As a prerequisite to seeking federal habeas relief, a state

prisoner must fairly present her claims to state courts on direct appeal or in post-conviction proceedings).

To prevail on a claim of ineffective assistance of counsel, petitioner must first show that her attorney's performance fell below an objective standard of reasonableness and second that the deficient performance prejudiced the defense. Strickland v. Washington, 446 U.S. 668, 687 (1984). To prove prejudice when a guilty plea is entered, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001). "Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea." Williams v. Bowesox, 2011 WL 3880539, *6 (E.D. Mo. Aug 31, 2011) (citing Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984)).

The Missouri Court of Appeals rejected petitioner's claim after reviewing the transcript of the guilty plea proceeding.  During that proceeding, petitioner stated under oath that she understood the charges and potential punishment, that she had sufficient time to discuss her case with counsel, that counsel had explained her legal rights and the State's evidence against her, that counsel discussed with her all defenses available, and that she was satisfied with counsel's performance. Petitioner further stated that she understood that she was giving up her right to a jury trial and that she was not being threatened or forced to plead guilty.  Petitioner's "[s]olemn declarations in open court carry a strong presumption of veracity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990).  The appeals court found that petitioner's testimony refuted a claim of ineffective assistance of counsel and that petitioner did not satisfy

the Strickland standard because she entered her guilty pleas knowingly and voluntarily. See Resp. Ex. D at 3-4.

Having reviewed the record, the Court cannot say that the appeals court misapplied federal law or that its decision was based on an unreasonable determination of the facts. Therefore, petitioner's first claim is denied.

### Ground 2

In support of her second ground, petitioner states: "The justification of deadly force this wasn't [a] planned act and it was during an act of physical violence against me that I acted as I did. My life was endangered." Petitioner refers to Mo. Rev. Stat. § 563.031.1, which addresses the defense of justification.

As discussed above, petitioner voluntarily and intelligently pled guilty to second-degree murder and armed criminal action and, therefore, waived her right to an assertion of self-defense. However, if petitioner is attempting to argue that her conviction was in violation of Mo. Rev. Stat. § 563.031.1, such an argument is not appropriate for federal habeas review. See Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (interpretation and application of state law is not cognizable for federal review). Petitioner's second claim is denied.

### Grounds 3 and 4

For her third ground, petitioner states that she suffers from "multiple mental health disorders," including bipolar disorder, depression, borderline personality disorder, and post traumatic stress syndrome. She states that she was not on any prescription medication when she committed the crimes, but that she was under the influence of illegal drugs which impaired her judgment. Petitioner's fourth ground is that her attorney was ineffective by making "a personal decision to advise [petitioner]

of what she thought would be best[.]"

Petitioner did not raise either of these claims in her post-conviction relief motion and she has not shown cause, prejudice, or actual innocence to excuse her failure to exhaust state court remedies. Thus, these claims are procedurally barred from review under 28 U.S.C. § 2254. See Murphy, 652 F.3d at 848-50; Coleman v. Thompson, 501 U.S. 722, 750 (1991); Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994); U.S. v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001).

Even if these claims were not procedurally barred, they would still fail.  By pleading guilty, petitioner waived her right to assert a defense based on mental illness. In fact, petitioner stated during the change of plea hearing that neither her mental health condition nor her medication affected "her ability to understand what she was doing at the plea hearing." Resp. Ex. A, pp. 17, 50.  Additionally, defense counsel stated that the psychological evaluations of the petitioner did not support a finding that petitioner was incapable of proceeding or support a defense of not guilty by reason of mental disease or defect.  Resp. Ex. A, p 17.

Additionally, petitioner's claim that counsel advised her of what she thought best does not demonstrate conduct falling below an objective standard of reasonableness. See Strickland, 446 U.S. at 687.  It is neither unusual nor inappropriate for an attorney to give a client her opinion about the best course to take in a case.  Even if defense counsel did so in this case, it is clear that her opinion was not the basis for petitioner's decision to plead guilty.  The record establishes that petitioner was thoroughly advised of and understood the charges and the consequences of pleading guilty.  Petitioner stated that she was "entering the . . . pleas of guilty on [her] own freewill [sic]," and that she was not being forced by her attorney to plead guilty.  Resp. Ex. A, p. 19.

Petitioner is not entitled to relief on grounds 3 and 4.

IV.     Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  28 U.S.C. § 2254(d).  Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.   See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A separate judgment in accordance with this Memorandum will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2013.